## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

AUGUSTIN F. GRANADO, *Jr.*,

     Plaintiff,

v.                                                                        No. 16-CV-00859-KG-SCY

FNU LNU, *Wardens, Lea County Correctional
Facility, Otero County Prison Facility, Santa
Fe P.N.M. South*, et al.,

     Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), on Plaintiff

Augustin F. Granado Jr.'s Motion: For Preempratory Writ of Mandamus Pro Se Petition

Pursuant to the New Mexico Constitution Article VII, Section 13 and N.M.S.A. 44-2-3-1978

[Doc. 1] and Prisoner's Civil Rights Complaint [Doc. 10].  Also before the Court are Plaintiff's

Motion For An Order Compelling Discovery [Doc. 5], Motion For Order To Show Cause For

Preliminary Injunction + A Temporary Restraining Order [Doc. 14], and Motion to Set Aside or

Vacate Order to Quash Limited Order to Produce "*Martinez* Report's" By the Defendants [Doc.

17].  Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*.  For the

reasons set out below, Plaintiff's Prisoner's Civil Rights Complaint will be dismissed without

prejudice, Plaintiff's Motion For An Order Compelling Discovery and Motion For Order To

Show Cause For Preliminary Injunction + A Temporary Restraining Order will be denied

without prejudice as moot, and Plaintiff's Motion to Set Aside or Vacate Order to Quash Limited

Order to Produce "*Martinez* Report's" By the Defendants will be denied.  Plaintiff will be

afforded thirty (30) days in which to file an amended complaint that complies with the standards set forth in this Memorandum Opinion and Order and Rule 8 of the Federal Rules of Civil Procedure.

## I.      BACKGROUND

On July 25, 2016, Plaintiff filed a Motion: For Preempratory Writ of Mandamus Pro Se Petition Pursuant to the New Mexico Constitution Article VII, Section 13 and N.M.S.A. 44-2-3-1978 [Doc. 1], which was docketed as a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983.   In his motion, Plaintiff asked the Court to review various proceedings that he had instituted in state court "to verify multiple 1983 issues + violations across every spectrum of [his] civil rights as a United State's citizen" and an "incarcerated person."   [Doc. 1 at 1] Additionally, on August 19, 2016, Plaintiff filed a Motion For An Order Compelling Discovery [Doc. 5], requesting an order from this Court compelling Defendants "to produce any + all document's, e-mail's, video conferencing via closed circuit television, security recording's of myself anywhere in the Lea County Correctional Facility," as well as Plaintiff's medical records, inmate file, mental health records, Security Threat Investigation File, psychiatric records, grievances, legal access requests, communications between Plaintiff and New Mexico Department of Corrections' officials, and property and inventory records.   Pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3) and *Va. Beach Fed. Sav. Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), the Court referred this case to Magistrate Judge Steven C. Yarbrough.   [Doc. 2]

Magistrate Judge Yarbrough informed Plaintiff that, to the extent he wishes to file a civil rights complaint under 42 U.S.C. § 1983, he must complete and return the Court's form Prisoner Civil Rights Complaint.   [Doc. 3]   Magistrate Judge Yarbrough also ordered Plaintiff to pay the filing fee for a civil rights action or submit an Application to Proceed in District Court Without

Prepaying Fees or Costs.  [Doc. 3]  Plaintiff was notified that "[f]ailure to cure the designated deficiencies within thirty (30) days of from entry of this Order may result in dismissal of this action without further notice."  [Doc. 3]

Plaintiff failed to comply with the Order to Cure Deficiency by the expiration of the thirty-day deadline.  However, on August 25, 2016, Plaintiff submitted a Declaration, sworn under penalty of perjury, in which he averred that he was being prevented from mailing "all documents, motions, exhibits, records the honorable court ordered to be provided for compliance to this court in cause No:  16-CV-00859-KG-SCY."  [Doc. 7 at 3; *see also* Doc. 11 at 2 (detailing Plaintiff's attempts to comply with the Court's Order to Cure Deficiency)]  In light of Plaintiff's declaration, Magistrate Judge Yarbrough ordered "Defendant Warden at Lea County Correctional Facility, Raymond Smith, to file a Limited *Martinez* Report regarding Plaintiff's access to legal mail sent to or from the United States District Court for the District of New Mexico in the present case (16-CV-00859-KG-SCY."  [Doc. 8]

After the entry of the Order for Limited *Martinez* Report, Plaintiff filed a Prisoner's Civil Rights Complaint on the proper form [Doc. 10] and an Application to Proceed In District Court Without Prepaying Fees or Costs with an attached inmate account statement [Doc. 9], in compliance with the Court's Order to Cure Deficiency.  Magistrate Judge Yarbrough granted Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs and quashed the Order for Limited *Martinez* Report "[b]ecause it appears that Plaintiff is not being prevented from sending or receiving legal mail in the present case."  [Doc. 13]

Plaintiff's Prisoner's Civil Rights Complaint [Doc. 10] names the following individuals as Defendants:

> All Warden's at L.C.C.F. [Lea County Correctional Facility] now
> + prior to 2015

3

> All Security Staff at L.C.C.F.
> All Medical Staff at L.C.C.F.
> All Medical Staff for Corizon Medical at L.C.C.F. prior to + after
> 2015 + up to date.
> All Medical Staff at Centurion Medical at L.C.C.F. prior to + after
> 2015 + up to present date.
> All Warden's at P.N.M. [Penitentiary of New Mexico] South
> All Classification's Officer's at all Facility's Herebye listed for
> 1983 civil actions.
> All Dr's, Psychiatrists, P.A.'s for both Centurion Medical +
> Corizon Medical prior to 2015 + up to the present date
> The New Mexico Public Defender's office.
> All Grievance Officer's + Official's for the N.M.D.O.C. [New
> Mexico Department of Corrections], The Chaplain at L.C.C.F. +
> administrator's for the N.M.D.O.C. above him (I.E.) Calvin
> Robinson + Tex Joey.
> Contract Monitors at L.C.C.F. all.
> CD-+A.C.A. Monitors at L.C.C.F. all. prior to 2015 + up to present
> date.
> The N.M. Public Defender's Dept.
> All Laundry Officer's at every facility listed.
> All Property Officer's at ever facility listed,
> All Unit Management Team's at all Facility's
> All Disciplinary Officer's at L.C.C.F.
> G.E.O. Corporation

[Doc. 10 at 3]  Plaintiff states in his complaint that he "cannot describe everything in page's of

allegations" and he refers the court to various habeas and tort actions filed in state court.  [Doc.

10 at 4]  Plaintiff explains that he seeks recovery for "[a]ll actions over a period of 18+ years of

incarceration," including, but not limited to:

> mental disease, assault's, injury's, pain mental + physical, suicide,
> homicide, attempted homicide on myself + other's, threat's on my
> person, cut's, bruise's, now found all allowed + even propagated
> purposely, as well as no medical treatment now, emergency or
> other-wise, as well as mental health needed medicine's now too. I
> need advocacy.  Again.  Unjustified seg. + placement's, denied
> programs, so many issue's.

[Doc. 10 at 4]  Plaintiff's complaint seeks punitive, compensatory, and cumulative monetary

damages, as well as Plaintiff's release from prison.  [Doc. 10 at 7]

Additionally, Plaintiff has submitted various letters and declarations to the Court, which

if construed liberally, appear to raise additional civil rights claims.  [*See* Docs. 4, 7, 11, 15, 16,

18, 19]  In his letters and declarations, Plaintiff complains that he and other inmates are being

deprived of their right to send and receive legal mail, that his physical and mental health needs

are not being met, that he is being retaliated against as a consequence of filing the present

lawsuit, that his property is being confiscated and/or lost, that he is being denied religious

holidays, and that his grievances are being denied and/or ignored.  [*See* Docs. 4, 7, 11, 15, 16,

18, 19]

On September 9, 2016, Plaintiff filed a Motion For Order To Show Cause For

Preliminary Injunction + A Temporary Restraining Order [Doc. 14],  requesting a preliminary

injunction requiring defendants to: (1) provide discovery of all documents, including Plaintiff's

inmate file, legal mail logs, disciplinary record, S.T.I.U. file, and medical history; (2) cease and

desist their threats of disciplinary action; (3) cease and desist their threats of physical assault; (4)

provide Plaintiff with immediate off-site medical treatment; (5) provide Plaintiff with free legal

mailings, service of process, summons, and copies; (6) comply with the policies promulgated by

the New Mexico Department of Corrections as well as federal and state law; (7) accommodate

Plaintiff's right to practice his religion; (8) transfer Plaintiff back into H4-E-pod, bottom tier,

with cell-mate Wilfred Platta; (9) cease and desist all retaliatory action; and (10) comply with the

full grievance process.  [Doc. 14]

On September 26, 2016, Plaintiff filed a Motion To Set Aside Or Vacate Order to Quash

Limited Order to Produce "*Martinez* Report's."  [Doc. 17]  In his motion, Plaintiff states that

Magistrate Judge Yarbrough erred in quashing the Order For Limited *Martinez* Report, because

Defendants "did deny mailings in their entirety many times, causing me the plaintiff to be forced

to scramble to attempt to get all needed documents to this court."  [Doc. 17]  Plaintiff contends

that Defendants are "impeding access to this court + others" and that his legal mail has been opened outside of his presence.  [Doc. 17]  Plaintiff further states that his requests for documents repeatedly have been denied, thus impeding his ability to litigate his claims, and that Defendants are depriving him of "canteen purchases of pens, paper, envelope's, phone use, all to prevent access to this court + other's."  [Doc. 17 at 4-5]  Plaintiff reiterates many of his civil rights claims, including deprivation of medical care, confiscation and/or loss of property, and denial and/or failure to respond to grievances.  [Doc. 17]

## II.     DISCUSSION

### A.     Screening of the Complaint under 28 U.S.C. § 1915(e)(2)

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*   "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in

original).

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

As a preliminary matter, the Court must identify the operative pleading for the purpose of its review under § 1915(e)(2). Plaintiff initially filed a Motion: For Preempratory Writ of Mandamus Pro Se Petition Pursuant to the New Mexico Constitution Article VII, Section 13 and N.M.S.A. 44-2-3-1978 [Doc. 1], followed by a Prisoner's Civil Rights Complaint [Doc. 10] in response to the Court's Order to Cure Deficiency [Doc. 3]. *See* Fed. R. Civ. P. 15(a)(1)(A) (permitting a plaintiff to amend his pleading "once as a matter of course" within "21 days after serving it"). "[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect." *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (internal quotation marks and citations omitted). Therefore, the Court concludes that Plaintiff's Prisoner's Civil Rights Complaint superceded his Motion: For Preemparatory Writ of Mandamus.

To the extent that Plaintiff has moved to amend and/or supplement his Prisoner's Civil Rights Complaint by filing various letters and declarations raising additional claims, Plaintiff's requests will be denied. [*See* Docs. 4, 7, 11, 15, 16, 18, 19] *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's

leave"); Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").   The Local Civil Rules of the United States District Court for the District of New Mexico require that "[a] proposed amendment to a pleading must accompany the motion to amend."   D.N.M.LR-Civ. 15.1. Furthermore, a "plaintiff may not simply file piecemeal amendments and supplements to his complaint," rather "it is entirely appropriate to require Plaintiff to set forth all of his original and supplemental allegations and claims in a single document."   *Brown v. Harris*, No. Civ. A. 05-CV-02203-WD, 2006 WL 3833938, at *2 (D. Colo. Dec. 28, 2006) (unpublished).   Accordingly, Plaintiff's Prisoner's Civil Rights Complaint [Doc. 10] is the sole operative pleading for the purpose of the Court's review under § 1915(e)(2).

Plaintiff's complaint seeks recovery against all defendants for "all action's over a period of 18+ years incarceration."   [Doc. 10 at 4]   Plaintiff's complaint is a quintessential "kitchen-sink" or "shotgun" complaint which "brings every conceivable claim against every conceivable defendant."   *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte Cnty.*, No. 12-CV-2011-KHV, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (unpublished).   Such complaints are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support."   *Id.*   Additionally, "kitchen-sink" or "shotgun" complaints violate Rule 8 of the Federal Rules of Civil Procedure, which requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2); *see Pola v. Utah*, 458 F. App'x 760, 762 (10th Cir. 2012) (affirming the dismissal of a 145-page single-spaced complaint that was "incoherent, rambling, and include[d] everything but

the kitchen sink" for failure to comply with Rule 8) (unpublished).   Therefore, Plaintiff's complaint will be dismissed without prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

The Court will permit Plaintiff to file an amended complaint within thirty (30) days of the date of this Memorandum Opinion and Order, which includes *all* of his claims against each defendant.   The Court emphasizes that in § 1983 actions seeking to impose personal liability on multiple governmental defendants in their individual capacity, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her."   *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).   "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice.   Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights."   *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013).   "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983" claim.   *Id.* (emphasis in original; internal quotation marks and citation omitted). In sum, to state a claim for relief, Plaintiff's amended complaint "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated."   *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   Failure to timely file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure and the standards set forth above, may result in the dismissal of this action without further notice.

B.      *Motion For An Order Compelling Discovery [Doc. 5] and Motion For Order To Show Cause For Preliminary Injunction + A Temporary Restraining Order [Doc. 14]*

9

In light of the dismissal of Plaintiff's Prisoner Civil Rights Complaint, Plaintiff's request for discovery and for a temporary restraining order and preliminary injunction are moot.  *See Baker v. Bray*, 701 F.2d 119, 122 (10th Cir. 1983) (holding that a motion for a preliminary injunction was moot after "the claim upon which the request for preliminary injunction was based . . . was dismissed by the district court"); *Sweets v. Wyoming Dep't of Emp't*, 589 F. App'x 887, 890 (10th Cir. 2014) (holding that the district court properly dismissed the plaintiff's motion for discovery, which "sought discovery on the basis that the case would move forward," after the dismissal of the plaintiff's complaint) (unpublished).  Therefore, Plaintiff's Motion For An Order Compelling Discovery [Doc. 5] and Motion For Order To Show Cause For Preliminary Injunction + A Temporary Restraining Order [Doc. 14] will be denied without prejudice as moot.

The Court recognizes that in his motions [Docs. 5, 14], as well as his other filings in this Court, Plaintiff repeatedly expresses concern and frustration regarding his inability to acquire documents and evidence to support his claims.  The Court takes this opportunity to explain to Plaintiff how this case will proceed, assuming that an amended complaint is filed and that the amended complaint states a claim upon which relief may be granted.  Because Plaintiff has filed a prisoner petition challenging the conditions of his confinement, this case is excluded from the pre-trial case management procedures set forth in D.N.M.LR-Civ. 16.  Therefore, if Plaintiff's amended complaint survives screening under § 1915(e)(2) and any motions that may be filed by Defendants under Rule 12 of the Federal Rules of Civil Procedure, the Court will order a *Martinez* Report, which is a "court-authorized investigation and report by prison officials."  *Hall*, 935 F.2d at 1109.  The *Martinez* Report will require prison officials to investigate Plaintiff's claims and to "develop a record sufficient to ascertain whether there are any factual or legal bases for [those] claims."  *Id.*  The *Martinez* Report may be used by the Court in deciding

whether to grant summary judgment, either upon one of the parties' motions or sua sponte, and will contain all materials relevant to Plaintiff's claims, including medical records, incident reports, and inmate grievances, among other documents.  Once produced, the *Martinez* Report will be filed on the docket of this case and served on Plaintiff, and Plaintiff will then have an opportunity to file a response.  Thus, Defendants may be required to investigate Plaintiff's claims and produce the documentation sought by Plaintiff in the ordinary course of proceedings in this case.

C.     *Motion to Set Aside or Vacate Order to Quash Limited Order to Produce "Martinez Report's" By the Defendants [Doc. 17]*

Lastly, the Court will address Plaintiff's Motion to Set Aside or Vacate Order to Quash Limited Order to Produce "*Martinez* Report's" by the Defendants.  [Doc. 17]  Because Plaintiff objects to a ruling by Magistrate Judge Yarbrough on a nondispositive pretrial matter, the Court liberally will construe Plaintiff's motion as an objection pursuant 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure.

"The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); s*ee also* 28 U.S.C. § 636(b)(1)(A).  The clearly erroneous standard requires that "the reviewing court affirm unless it . . . is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks and citation omitted).

Magistrate Judge Yarbrough ordered Defendant Raymond Smith, Warden at Lea County Correctional Facility (LCCF), to produce a limited *Martinez* Report because Plaintiff had failed timely to comply with the Court's Order to Cure Deficiency and Plaintiff had alleged that his noncompliance was because LCCF and "all its defendants are now keeping me from access to

the U.S. District Court." [Doc. 8]  The Order was narrow in scope—limited to "Plaintiff's access to legal mail sent to or from the United States District Court for the District of New Mexico in the present case (16-CV-00859-KG-SCY)." [Doc. 8]  After entry of the Order for Limited *Martinez* Report, Plaintiff complied with the Order to Cure Deficiency by filing a Prisoner Civil Rights Complaint on the proper form and an Application to Proceed in District Court Without Prepaying Fees or Costs.  [Docs. 9, 10]   Because it appeared that Plaintiff was not being prevented from complying with the Order to Cure Deficiency, or from sending or receiving legal mail in this case, Magistrate Judge Yarbrough quashed the Order for Limited *Martinez* Report. [Doc. 13]

Plaintiff does not allege that the order quashing the Order for Limited *Martinez* Report was contrary to law.  Rather, Plaintiff contends that the order was clearly erroneous because "Defendant's did deny mailings in their entirety many times" and "impede[] access to this court + other's." [Doc. 17]  The Order for Limited *Martinez* Report was not on the merits of any denial-of-access-to-the-courts claim that Plaintiff may have attempted to raise in his pleadings.[1] Rather, it was an interim order to ascertain whether Plaintiff's failure to comply with the Order to Cure Deficiency was due to interference by the staff at LCCF.  Plaintiff does not dispute that he submitted the requested documents, in compliance with the Order to Cure Deficiency.  Nor does Plaintiff allege, with any specificity, that he has attempted to mail certain documents to the Court in this case, but been prevented from doing so, or that he has failed to receive mail sent from this Court.[2]  Indeed, the voluminous number of filings received from Plaintiff since the

_____

[1] As explained in the body of this Order, a *Martinez* Report may be ordered by the Court at some point in the future, assuming that an amended complaint is timely filed by Plaintiff and that the claims raised therein survive screening under § 1915(e)(2) and  any motions that may be filed by Defendants under Fed. R. Civ. P. 12.

[2] Plaintiff states that, "[t]o date I have not received verification of receipt of Declaratory statement's submitted #1 by Wilfred Platta to this Court." [Doc. 17 at 3]  The Court received Mr. Platta's declaration on October 3, 2016 and the docket reflects that verification of this filing was mailed to Plaintiff on or about October 4, 2016.  [Doc. 18]

entry of the Order for Limited *Martinez* Report on August 30, 2016 belie Plaintiff's assertion that he is being deprived of meaningful access to the Court in the present case. [*See* Docs. 9, 10, 11, 12, 14, 15, 16, 17, 18, 19]  Therefore, Plaintiff's Motion to Set Aside or Vacate Order to Quash Limited Order to Produce "*Martinez* Report" by the Defendants [Doc. 17] will be denied.

IT IS THEREFORE ORDERED that Plaintiff's Prisoner's Civil Rights Complaint [Doc. 10] is DISMISSED without prejudice; and Plaintiff is granted leave to file an amended Prisoner's Civil Rights Complaint, within thirty (30) days of the date of this Order, that complies with Rule 8 of the Federal Rules of Civil Procedure and the standards set forth in this Order;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to send to Plaintiff, together with a copy of this Order, a form Prisoner's Civil Rights Complaint, with instructions;

IT IS FURTHER ORDERED that Plaintiff's Motion For An Order Compelling Discovery [Doc. 5] and Motion For Order To Show Cause For Preliminary Injunction + A Temporary Restraining Order [Doc. 14] are DENIED without prejudice as moot;

IT IS FURTHER ORDERED that Plaintiff's Motion to Set Aside or Vacate Order to Quash Limited Order to Produce "*Martinez* Report's" By the Defendants [Doc. 17] is DENIED.

_____
UNITED STATES DISTRICT JUDGE

13