IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AUGUSTIN F. GRANADO, *Jr.*,
DAVID OTERO, ERIC R. FIERRO,

    Plaintiffs,

     v.                                           No. 16-CV-00859-KG-SCY

FNU LNU, *Wardens, Lea County Correctional*
*Facility, Otero County Prison Facility, Santa*
*Fe P.N.M. South*, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), on the Amended Complaint [Doc. 37], filed on January 6, 2017, and Second Amended Complaint [Doc. 44], filed on January 27, 2017, by Plaintiffs Augustin F. Granado Jr., David Otero, and Eric R. Fierro. Plaintiffs are incarcerated and proceeding pro se. Although Plaintiff Granado has been granted permission to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915 [Doc. 13], neither Plaintiff Otero nor Plaintiff Fierro have sought or received permission to proceed IFP in this case. For the reasons explained below, the claims raised by Plaintiffs Otero and Fierro will be dismissed without prejudice, Plaintiff Granado's Second Amended Complaint will be dismissed with prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii), all pending motions will be denied as moot, a strike will be imposed on Plaintiff Granado under § 1915(g), and final judgment will be entered.

    On September 1, 2016, Plaintiff Granado filed a Prisoner's Civil Rights Complaint [Doc. 10] against a variety of Defendants, seeking monetary damages and release from prison for "[a]ll

actions over a period of 18+ years of incarceration." [Doc. 10 at 4]  In a Memorandum Opinion and Order dated October 25, 2016, the Court dismissed Plaintiff's complaint for failure to state a claim on which relief may be granted, because it was "a quintessential 'kitchen-sink' or 'shotgun' complaint which brings every conceivable claim against every conceivable defendant." [Doc. 21 at 8 (internal quotation marks and citation omitted)]  The Court explained that such complaints are "pernicious because they unfairly burden defendants and courts by shifting onto them the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support."  [*Id.* (internal quotation marks and citation omitted)]  The Court further explained that "kitchen-sink" or "shotgun" complaints violate Rule 8 of the Federal Rules of Civil Procedure because they do not include a short and plain statement of the claim showing that the pleader is entitled to relief."  [*Id.*]

The Court granted Plaintiff thirty days in which to file an amended complaint and instructed Plaintiff that his amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." [*Id.* at 9 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original)].  The Court further instructed Plaintiff that conclusory allegations regarding the violation of his rights will not suffice:  "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983 claim." [*Id.* (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (emphasis in original)].  In sum, Plaintiff was informed that his amended complaint "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated."  [*Id.* (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)].

On December 1, 2016, Plaintiff filed a motion for extension of time to file an amended complaint, which the Court granted. [*See* Docs. 26, 35]  On January 6, 2017, Plaintiff timely filed an Amended Complaint [Doc. 37], which named Plaintiffs David Otero and Eric R. Fierro as additional Plaintiffs.  On January 27, 2017, Plaintiffs Granado, Otero, and Fierro filed a Second Amended Complaint [Doc. 44], which adds class action claims, but otherwise is identical to the Amended Complaint.   Because an amended complaint "supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified," *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (internal quotation marks and citation omitted), the Court will consider the Second Amended Complaint to be the operative pleading for the purpose of its review under § 1915(e).

Plaintiffs' sixty-five page Second Amended Complaint names the following individuals and entities in the caption as Defendants:

> The New Mexico Public Defenders, Governor Susana Martinez, The New Mexico Legislature, Attorney's Micheal Rosenfelt, John McCall, Corizen Medical Services, Centurion Medical Service's + all it's Agency's + employ's, Warden, Security, Staff at Lea, Otero, Santa Fe, P.N.M South, + North, Central New Mexico Correctional Facility, Troy Pritchard, Eric Turner, Donald Knchersberger, Joe Shattch, Greg Worley, Lianne Kerr, Anna M. Aragon, Casey Erwin, Brian Tucker, Albuquerque, Bernallio County, M.D.C. Metropolitan Detention Center, FNU, LNU [sic]

[Doc. 44 at 2]  In the body of the Complaint, Plaintiffs name the following additional Defendants as parties:

> Centurion Medical Service's at all Facility's of placement for the Plaintiff's.  Prior address's listed.  And for the New Mexico Dept. of Corrections.  [sic]
>
> #14  All Dr.'s, P.A.'s, nursing staff, administrator's, Optomitrist's, x-ray tech's, record's personnel at all facility's + representatives for Centurian Medical Service's, Corizon Medical Service's, Psychiatry, Mental Health Service's, Corizon Medical Service's, Psychiatry, Mental Health service's, Dentist's, Specialist's, outside

3

prison facility medical carrier's + their representative's, agency's, etc. At all facility's held in custody by the Defendant's at various prisons in the New Mexico Dept. of Corrections. [sic]

#15  All Regional Director's, administrators, for Centurion, Corizon, the N.M.D.O.C. Medical Service's, the N.M.D.O.C. Psychiatric Care, Health Service's Bureau Chief's, Mental Health Care, Optomitry care, Orthotic Care, A.D.A. Administrator's, Disciplinary administrator's, Grievance administrator's, + all officer's + agents there of in all facility's. [sic]

# 16  All Contract Monitor's [sic]

#17  All A.C.A. Standard Monitor's. [sic]

# 7  The Municipality's of Hobb's, Chapparal, Santa Fe City's + town's + or village.  Including the Municipality of the City of Los Lunas, N.M., [sic]

# 8  All of these Defendant's in their personal + professional capacity's. [sic]

#9  All John or Jane Doe's, Agency's, person's, later to be discovered through Discovery Process's. [sic]

# 10  Warden's, Security Staff, Corizon Medical Staff, + Centurion Medical Staff all are located at the Lea County Correctional Facility in Hobb's N.M. 6900 W. Millen Dr. Hobb's N.M. 88244 [sic]

# 11  Warden's for Otero Prison Facility are located at 10 McGregor Range Rd. Chapparal N.M. 88081 [sic]

# 12  Warden's Security Staff, Medical, Mental Health + Psychiatric staff for Central New Mexico Correctional Facility/Mental Health Treatment Center are located at P.O. Drawer 1328 Los Lunas N.M. 87031. [sic]

# 13  All Psychiatry, staff for Corizon +

#18  All Chaplain's at all facility's held + their immediate on site supervisor's + off-site supervisor's for the N.M.D.O.C.  (I.E. Calvin Robinson + Tex Joey (Native American Spiritual Advisor + Progam's Warden's) [sic]

#19  Grievance Officer's at all Facility's held. [sic]

# 20  Unit Manager's at all Facility's Held. [sic]

4

> # 21  Case Management + Classification's Officer's, at all facility's held.  And supervisor's for the N.M.D.O.C.  And at Facility level. [sic]
>
> # 22  S.T.I.U. staff at all facility's.  In Otero Prison Facility "Gang Intelligence." [sic]
>
> # 23  All Canteen Service's employee's at all Facility's. [sic]
>
> # 24  All Disciplinary Officer's.  At all Facility's. [sic]
>
> # 25  The Defendants for P.N.M. South + P.N.M. North are located at P.O. Box 1059 or 4337 State Rd. 14 Santa Fe New Mexico 87508. [sic]
>
> # 26  The G.E.O. Corporation.
>
> # 27  All S.T.I.U. Administrator's at all facility's, S.T.I.U. staff, it's representatives + or agency's.  Including for the N.M.D.O.C. [sic]
>
> # 28  All state wide co-ordinator's for all service's at all facility's held.  For the N.M.D.O.C., G.E.O. Corporation, Corizon Medical Services, Centurion Medical Services, Psychiatry + Mental Health Service's. [sic]
>
> # 29  General Council's for the N.M.D.O.C. Legal adviser's for the N.M.D.O.C. + it's respective sub-ordanate's within the N.M.D.O.C. at all facilitie's held. [sic]
>
> # 31  All mail room staff + provider's at all facility's.  For every service + approval of service's to be rendered to Plaintiff's. [sic]
>
> #32  All property officer's at all facility's that did hold the Plaintiff's. [sic]
>
> # 33  All Administrator's, Director's, From Secretary of Correction's down to facility level administrator's for the N.M.D.O.C., G.E.O. Corp., Centurion + Corizon Medical Services + the State of New Mexico + it's respective agency's boards, + over-sight committee', commission's, etc.  In reference to indigent defence's, disability defense's, within the N.M.D.O.C. + for the New Mexico Public Defender's Dept., + all of it's respective agency's + or representatives + or administrator's. [sic]

[Doc. 44 at 7-11]  Plaintiffs' Second Amended Complaint appears to raise more than one hundred claims, both on behalf of the named Plaintiffs and the class (which is undefined), ranging from violations of the United States Constitution, various federal statutes, multiple New

Mexico Department of Corrections' policies, and assorted New Mexico state statutes, rules, and laws. [Doc. 44 at 13-22 (listing claims numbered 35 through 95) and Doc. 44 at 26-29 (listing claims numbered 4 through 37); *see also* Doc. 44 at 23-25 and Doc. 44 at 30-56]. Plaintiffs seek equitable relief, compensatory damages, and punitive damages. [Doc. 44 at 64-65]

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Amendment is futile if Plaintiff has been granted an opportunity to file an amended complaint and the amended complaint fails to cure the identified deficiencies. *See Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (holding that dismissal with prejudice was appropriate because even after amendment plaintiff had "made no showing, beyond his conclusory allegations, that he could have stated viable causes of action against [defendants] if he had been granted yet another opportunity to amend his claims"). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiffs are proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Id.*  At the same time, however, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments or searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiffs seek to file a class action lawsuit on behalf of an unidentified class of plaintiffs. [Doc. 44 at 6, 63]  A court may not certify a class unless it determines that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The United States Court of Appeals for the Tenth Circuit held that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others."  *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).  "This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others."  *Id.* (internal quotation marks and citations omitted).  Therefore, Plaintiffs' class action claims will be dismissed without prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

The Second Amended Complaint seeks to join Plaintiffs Fierro and Otero as plaintiffs. *See* Fed. R. Civ. P. 20(a)(1).  However, Plaintiff Otero has not signed the Second Amended Complaint, even though Fed. R. Civ. P. 11(a) requires "[e]very pleading, written motion, and other paper [to be] . . . be signed . . . by a party personally if the party is unrepresented." Additionally, neither Plaintiff Otero nor Plaintiff Fierro have paid the filing fee or filed a motion seeking permission to proceed IFP pursuant to 28 U.S.C. § 1915.  Although the United States Court of Appeals for the Tenth Circuit has had "no occasion to decide whether the PLRA [Prison

7

Litigation Reform Act] permits multi-plaintiff actions or requires full payment of the filing fee from each inmate in the case of a jointly-filed" action, the Court has made it clear that "at a minimum each [plaintiff] must file a motion for leave to proceed . . . without prepayment of costs or fees." *Woodruff v. Wyoming*, 49 F. App'x 199, 202 & 202 n.1 (10th Cir. 2002) (unpublished). Neither Plaintiff Otero nor Plaintiff Fierro have paid the filing fee or filed a motion for leave to proceed IFP and, therefore, their claims will be dismissed without prejudice and they will be dismissed as parties to this action. *See id.* (dismissing pro se prisoner's appeal for failure to pay the appellate filing fee or file motion to proceed without prepayment of costs or fees).

Turning to Plaintiff Granado's individual claims, the Court notes that its October 25, 2016, Memorandum Opinion and Order identified the deficiencies in Plaintiff Granado's original Prisoner's Civil Rights Complaint and informed Plaintiff Granado what he needed to do to cure these deficiencies and to state a claim on which relief may be granted. Despite this thorough instruction, Plaintiff's Second Amended Complaint, like his original complaint, is a "quintessential 'kitchen-sink' or 'shotgun' complaint which brings every conceivable claim against every conceivable defendant." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte Cnty*, No. 12-CV-2011-KHV, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (unpublished). Plaintiff's Second Amended Complaint raises over a hundred claims against innumerable defendants and fails to "make clear exactly *who* is alleged to have done *what* to whom." *Robbins v. Oklahoma*, 519 F.3d at 1250. Instead, Plaintiff's Second Amended Complaint simply alleges, in a conclusory manner, that all of the Defendants in the aggregate have violated Plaintiff Granado's rights. As previously explained to Plaintiff Granado, such conclusory allegations against multiple undifferentiated defendants are insufficient. *See Pahls*, 718 F.3d at 1225-26 ("When various officials have taken different actions with respect to a

plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice.  Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights.").  Plaintiff Granado's Second Amended Complaint fails to identify "*specific* actions taken by *particular* defendants" and, therefore, it fails to state a claim on which relief may be granted.  *See id.* (emphasis in original; internal quotation marks and citation omitted).  Because Plaintiff Granado has failed to cure the identified deficiencies in his pleading, despite being afforded ample opportunity to do so, the Court finds that further amendment would be futile.  Therefore, Plaintiff Granado's Second Amended Complaint [Doc. 44] will be dismissed with prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).  *See Sheldon*, 269 F.3d at 1207 n.5.

When an action is dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the dismissal counts as a strike under § 1915(g).  *See Hafed v. Fed. Bureau of Prisons*, 635 F. 3d 1172, 1176 (10th Cir. 2011).  If a prisoner accrues three strikes under § 1915(g), then he may not "bring a civil action or appeal a judgment in a civil action or proceeding, while incarcerated or detained in any facility . . . unless the prisoner is under imminent danger of serious physical injury."  § 1915(g).  "[T]he 'three strikes' provision of the ifp statute applicable to indigent prisoner[] requires so-called 'frequent filer' prisoners to prepay the entire filing fee before the federal courts may consider their civil actions and appeals," unless there are "specific credible allegations of 'imminent danger.'"  *Hafed*, 635 F.3d at 1176 (internal quotation marks and citation omitted).  The dismissal of Plaintiff Granado's Second Amended Complaint constitutes a strike under § 1915(g) and Plaintiff Granado is notified that, if he accrues three strikes, he may not proceed IFP in any future civil actions before the federal courts unless he is under imminent danger of serious physical injury.  § 1915(g).

IT IS THEREFORE ORDERED that Plaintiffs' class action claims are DISMISSED without prejudice;

IT IS FURTHER ORDERED that the claims of Plaintiffs Otero and Fierro are DISMISSED without prejudice; and Plaintiffs Otero and Fierro are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff Granado's Second Amended Complaint [Doc. 44] is DISMISSED with prejudice; all pending motions are DENIED as moot; a STRIKE is imposed against Plaintiff Granado under § 1915(g); and judgment will be entered.

.

_____
UNITED STATES DISTRICT JUDGE