IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AUGUSTIN F. GRANADO, *Jr.*¸
DAVID OTERO, and ERIC R. FIERRO,

      Plaintiffs,

v.                                                                                                   Civ. No. 16-859 KG/SCY

FNU LNU, *Wardens, Lea County Correctional
Facility, Otero County Prison Facility, Santa
Fe P.N.M. South,* et al.,

      Defendants.

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Augustin Granado's Motion to Extend Time to File Appeal and for Reconsideration ("Motion"), filed May 5, 2017. Plaintiff seeks relief from the Court's February 2, 2017 decision dismissing his *pro se* civil rights complaint. (Docs. 46 and 47). Defendants were not served with the Motion and did not respond. Having considered the Motion and applicable law, the Court denies all requested relief.

*A. Background*

Plaintiff filed a civil rights complaint seeking damages and release from prison for "[a]ll actions over a period of 18+ years of incarceration" (Doc. 1). He also sought leave to proceed *in forma pauperis* (Doc. 9). Plaintiff alleged, among other things, that prison officials were preventing him from sending legal mail. The Court (Hon. Steven Yarbrough) ordered a limited *Martinez* report to investigate the claim but quashed it after Plaintiff continued to send multiple letters and motions. (Doc. 13). On October 25, 2016, the Court dismissed the "kitchen-sink" complaint but granted leave to amend. (Doc. 21).

Plaintiff filed a 65-page amended complaint on January 6, 2017. (Doc. 37). He raised

over a hundred claims against various prison officials and state agencies. Plaintiff also asserted, once again, that he was prevented from sending legal mail. By a memorandum opinion and judgment entered February 2, 2017, (together, "Judgment") the Court dismissed the amended complaint. (Docs. 46 and 47). The Court determined Plaintiff's "shotgun" allegations that his rights were violated in hundreds of ways failed to state a claim under 28 U.S.C. § 1915(e)(2).

Plaintiff filed the instant Motion three months later. He seeks an extension of the time to appeal the Judgment. He also appears to challenge the Court's decision to rule without taking evidence or appointing counsel, and renews his argument that prison officials are preventing him from sending legal mail. The Court construes the latter arguments as requests for relief from a final judgment pursuant to Fed. R. Civ. P. 60(b).

B. *Discussion*

   1. *Extending the Appeal Period*

An appeal in a civil case must be filed within 30 days after entry of the judgment. Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a). The district court may extend the appeal period if "a party so moves no later than 30 days" after it expires. Fed. R. App. P. (4)(a)(5)(A). *See also* 28 U.S.C. § 2107(c). Thus, the motion for extension must generally be filed within 60 days after entry of the judgment. *Id.* The only exception is if the movant did not receive notice of the judgment within 21 days of its entry, and no party would be prejudiced by a further extension. Fed. R. App. P. (4)(a)(6); 28 U.S.C. § 2107(c).

The Tenth Circuit has held that where the motion is "not timely under either Fed. R. App. P. 4(a)(5) or Fed. R. App. P. 4(a)(6), the district court lacks authority to grant any relief from the filing deadline." *Coots v. Allbaugh,* 656 Fed. App'x 385, 386 (10th Cir. 2016) (unpublished) (interpreting Fed. R. App. P. 26(b)). *See also Certain Underwriters at Lloyds of London v.*

2

*Evans,* 896 F.2d 1255, 1256 (10th Cir. 1990) (district courts are "expressly prohibit[ed] [from granting] extensions of time for filing a notice of appeal beyond the time limits set out in [Rule 4]").

The Judgment was entered on February 2, 2017, and the 30-day appeal period expired on March 6, 2017. *See* Fed. R. App. P. 26(a)(1) (governing the computation of time). Plaintiff does not argue he did not receive timely notice of the Judgment, which was mailed to his address of record on the date of entry. Plaintiff therefore needed to move for an extension by April 5, 2017, which is 30 days after the expiration of the appeal period. Because he did not file the Motion until May 5, 2017, it must be denied as untimely.

*2. Fed. R. Civ. P. 60(b)*

The Court discerns that Plaintiff also moves for relief from the Judgment under Fed. R. Civ. P. 60(b). Such relief is discretionary and is generally only warranted in exceptional circumstances. *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). Grounds for relief include, inter alia, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b)(1)-(6).

Having reviewed the Judgment, the record, and the Motion, the Court concludes that none of those grounds exist here. Plaintiff does assert his evidence is newly discovered; he complains the Court declined to consider it before dismissing his complaint. However, courts are not required to review exhibits or allow discovery when screening *in forma pauperis* complaints under 28 U.S.C. § 1915(e)(2). *See Chance v. Vandiver,* 620 Fed. App'x 678, 679 (10th Cir. 2015) (unpublished) (to survive screening under § 1915, the submission must include a "short and plain statement" containing "enough facts that discovery might suggest an evidentiary basis for the claim"); Local Rule 10.4 ("Exhibits are not attached to a pleading unless the documents

attached form the basis for the action or defense.").

Plaintiff's remaining arguments do not justify relief under Fed. R. Civ. P. 60(b) because they rehash "the same issues already addressed and dismissed by the [C]ourt." *Van Skiver,* 952 F.2d at 1243. The Motion, like both complaints, recites that prison officials are mismanaging Plaintiff's trust account to prevent him from sending legal mail. The Court investigated this claim and dismissed it, as Plaintiff met key deadlines and filed over 33 documents in connection with his civil rights complaint. (Doc. 13). Plaintiff's motions to appoint counsel were also previously considered and rejected, and there are no grounds to appoint counsel at this stage in the case. *See Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (district courts have discretion to deny a motion to appoint counsel and will only be reversed in "extreme cases where the lack of counsel results in fundament unfairness"). Consequently, Plaintiff is not entitled to relief under Fed. R. Civ. P. 60(b).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Extend Time to File Appeal and for Reconsideration (Doc. 51) is denied.

_____
UNITED STATES DISTRICT JUDGE