# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

AUGUSTIN F. GRANADO, *Jr.*¸
DAVID OTERO, and ERIC R. FIERRO,

    Plaintiffs,

v.                                                                                 Civ. No. 16-859 KG/SCY

FNU LNU, *Wardens, Lea County Correctional*
*Facility, Otero County Prison Facility, Santa*
*Fe P.N.M. South,* et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Augustin Granado's Motions to Extend the Time Limits for Appeal and for Reconsideration ("Motions"), filed June 19, 2017. (Docs. 53 and 54). Plaintiff seeks relief from the Court's February 2, 2017, decision dismissing his *pro se* civil rights complaint. (Docs. 46 and 47). Plaintiff made the same request on May 5, 2017, which was denied. (Docs. 51 and 52). Having considered the Motions, applicable law, and Plaintiff's new arguments, the Court will again deny all requested relief.

A. Background

Plaintiff filed a civil rights complaint seeking damages and release from prison for "[a]ll actions over a period of 18+ years of incarceration." (Doc. 1). On October 25, 2016, the Court dismissed the "kitchen-sink" complaint but granted leave to amend. (Doc. 21). The amended complaint was similarly deficient. It contained over a hundred claims against various prison officials and state agencies. (Doc. 44). By a memorandum opinion and judgment entered February 2, 2017, (together, "Judgment") the Court dismissed the amended complaint pursuant to 28 U.S.C. § 1915(e)(2). (Docs. 46 and 47).

Three months later, Plaintiff filed the first motion seeking reconsideration and/or an extension of the time to appeal the Judgment. (Doc. 51). He argued the Court should have considered evidence and appointed counsel before dismissing his complaint. The Court declined to reconsider under Fed. R. Civ. P. 60(b) and determined it lacked the authority to extend the appeal period. (Doc. 52). Plaintiff filed the instant Motions about a week after that ruling. He seeks essentially the same relief but emphasizes his mental illness and lack of legal knowledge.

B. Discussion

*1. Extending the Appeal Period*

A motion to extend the appeal period generally must be filed within 60 days after entry of the judgment. Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. (4)(a)(5)(A); 28 U.S.C. §§ 2107(a), (c). If the motion is untimely, "the district court lacks authority to grant any relief from the filing deadline." *Coots v. Allbaugh,* 656 Fed. App'x 385, 386 (10th Cir. 2016) (unpublished). *See also Certain Underwriters at Lloyds of London v. Evans,* 896 F.2d 1255, 1256 (10th Cir. 1990) (district courts are "expressly prohibit[ed] [from granting] extensions of time for filing a notice of appeal beyond the time limits set out in [Appellate Rule 4]").

As the Court previously explained, the deadline to move for an extension of the appeal period was April 5, 2017. Plaintiff now argues he could not meet that deadline because his mental health issues prevent him from concentrating for more than thirty minutes, he lacks legal knowledge, and he has "repeatedly be[en] moved and [been] lost in the cog's of the N.M.D.O.C's machinations (sic)." (Doc. 54, p. 10). However, Fed. R. App. P. (4)(a)(6) and 28 U.S.C. 2107(c) expressly provide that the 60-day period may only be extended if the movant did not receive notice of the judgment within 21 days of its entry. Although Plaintiff may have transferred prisons at some point this year, he does not contend he lacked timely notice of the Judgment,

which was mailed to his address of record on the date of entry. The Motion to Extend the Time Limits for Appeal therefore must be denied as untimely.

   *2. Fed. R. Civ. P. 60(b)*

Plaintiff also renews his request for relief from the Judgment under Fed. R. Civ. P. 60(b). Such relief is exceptional and generally requires a showing of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. *See* Fed. R. Civ. P. 60(b)(l)-(6); *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). The instant Motion amplifies Plaintiff's previous argument that the Court inappropriately screened his complaint without considering evidence or investigating his allegations. He asserts, for example, that the Department of Corrections has "100's if not 1,000's of documents" pertaining to his mental health. (Doc. 54, p. 3). As the Court already explained, however, there is no indication such evidence is *newly discovered*. More importantly, there is no requirement that the Court consider evidence when screening a prisoner's civil rights complaint. *See* 28 U.S.C. § 1915; 42 U.S.C. § 1997(e).

Plaintiff also argues his three prior requests[1] for counsel should have been granted due to his mental illness and lack of legal knowledge. The Court disagrees. There is no constitutional right to counsel in civil cases, and in fact "[c]ourts are not authorized to appoint counsel in § 1983 cases." *Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016). "[I]nstead, courts can only 'request' an attorney to take the case." *Id.* This decision is discretionary and will only be reversed in "extreme cases where the lack of counsel results in fundamental unfairness." *See also Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004). The fact that Plaintiff is mentally ill and lacks legal knowledge - which is unfortunately true in many *pro se* prisoner

---

[1] *See* Docs. 12, 24, and 51.

cases - does persuade the Court that counsel is necessary.

Finally, the Motions appear to raise substantive claims based on missing property, inadequate medical treatment, excessive force, harassment, and violations of religious freedom. (Doc. 53, p. 7, 8, and 12; Doc. 54, p. 4, 6, and 7). A party may not use a post-judgment motion to rehash issues previously addressed or "advanc[e] new arguments … which were otherwise available for presentation when the original" complaint was considered. *Van Skiver,* 952 F.2d at 1243 (citing Fed. R. Civ. P. 60(b)). Therefore the Court will not modify the Judgment based on Plaintiff's new or renewed constitutional claims.

IT IS ORDERED that Plaintiff's Motions to Extend the Time Limits for Appeal (Doc. 54) and for Reconsideration (Doc. 53) are denied.

_____
UNITED STATES DISTRICT JUDGE