IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AUGUSTIN F. GRANADO, *Jr.*¸
DAVID OTERO, and ERIC R. FIERRO,

    Plaintiffs,

v.                                                                Civ. No. 16-859 KG/SCY

FNU LNU, *Wardens, Lea County Correctional
Facility,* et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court are various *pro se* motions filed by Plaintiffs Augustin Granado, David Otero, and Eric Fierro. (Docs. 65-69). Plaintiffs seek to amplify or amend their civil rights claims after the Court dismissed the case and denied several motions to reconsider. (Docs. 46, 47, 52, and 63). Having considered the motions, the Court will deny all requested relief.

*A. Background*

Plaintiffs filed a civil rights complaint seeking damages and release from prison for "[a]ll actions over a period of 18+ years of incarceration." (Doc. 1). On October 25, 2016, the Court dismissed the "kitchen-sink" complaint but granted leave to amend. (Doc. 21). The amended complaint was similarly deficient. It contained over a hundred claims against various prison officials and state agencies. (Doc. 44). By a memorandum opinion and judgment entered February 2, 2017 ("Judgment"), the Court dismissed the amended complaint pursuant to 28 U.S.C. § 1915(e)(2). (Docs. 46 and 47).

Three months later, Plaintiff Augustin Granado filed the first motion seeking reconsideration and/or an extension of the time to appeal the Judgment. (Doc. 51). He argued

the Court should have considered evidence and appointed counsel before dismissing his complaint. The Court declined to reconsider under Fed. R. Civ. P. 60(b) and determined it lacked the authority to extend the appeal period. (Doc. 52). Granado appealed, but the appeal was dismissed for lack of jurisdiction. (Doc. 64). Granado filed another set of motions to reconsider and for an extension on June 19, 2017, which were again denied. (Docs. 53, 54, and 63).

Plaintiffs filed the instant *pro se* motions between March 12, 2018 and April 6, 2018. (Docs. 65-69). The first motion, signed by Granado and Eric Fierro, seeks to dismiss all defendants except the New Mexico Public Defender's Office (Public Defender). (Doc. 65) at 1, 17. They argue the Public Defender caused physical and mental injuries by rendering ineffective assistance of counsel. *Id.* at 2. Granado and Fierro further argue prison officials were deliberately indifferent to medical needs. *Id.* at 11-15.

The second motion, also signed by Granado and Fierro, seeks to reopen this civil rights case. (Doc. 66) at 1. They argue prison officials continue to violate their constitutional rights; Fierro lacks medical care for his mental illness; and state judicial officials colluded to incarcerate them. *Id.* at 4-18. David Otero signed the third motion. (Doc. 67) at 10. He appears to seek permission to amend the (dismissed) complaint, alleging prison officials are providing inadequate medical care. *Id.* at 1-10. Granado signed the fourth motion, which seeks an extension of the page limits applicable to pleadings and exhibits. (Doc. 68). He wishes to proffer "thousands of pages of medical [and] psychological" records to support his Eighth Amendment claims. *Id.* at 1-2. The fifth and final motion, which is unsigned, appears to seek an order directing service of the *pro se* motions on Defendants. (Doc. 69) at 1-2.

B. Discussion

Plaintiffs filed the motions nearly one year after entry of the final Judgment dismissing

this case. Construed liberally, the motions all seek relief from the Judgment so that Plaintiffs can continue to pursue their civil rights claims. The motions must therefore be analyzed under Fed. R. Civ. P. 60(b). *See Williams v. Akers*, 837 F.3d 1075, 1077 n.1 (10th Cir. 2016) (motions seeking relief from judgment are treated under Rule 60 if filed "outside of Rule 59(e)'s 28-day time limit"). Rule 60(b) relief is discretionary and is generally only warranted in exceptional circumstances. *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). Grounds for relief include mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b)(l)-(6).

Applying this standard, Plaintiffs have not alleged a plausible entitlement to relief under Rule 60(b). The motions primarily seek to reassert or amplify Plaintiffs' original civil rights arguments. However, it is well established that Rule 60(b) does not permit a losing party to rehash previous arguments or to present new theories or facts that could have been raised earlier. *See Van Skiver,* 952 F.2d at 1244 (explaining that Rule 60(b) cannot be used to revisit issues or "advanc[e] new arguments or supporting facts which were otherwise available for presentation when the original [matter] was briefed"). To the extent the motions raise new claims based on recent violations, Plaintiffs must raise those claims in a separate complaint. The Tenth Circuit prohibits continuous amendments that "make the complaint a moving target" or attempt to "salvage a lost case by untimely suggestion of new theories." *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1206 (10th Cir. 2006) (quotations omitted). The motions will therefore be denied.

IT IS ORDERED:

1. Plaintiffs' *pro se* post-judgment motions (Docs. 65-69) are denied.

2. The denial is without prejudice to Plaintiffs raising any new civil rights claims (*i.e.,* claims that arose after this case was filed) in a separate complaint.

3

3. The Clerk's Office shall mail to each Plaintiff a form Section 1983 complaint and a form Application to Proceed *In Forma Pauperis.*

_____
UNITED STATES DISTRICT JUDGE